IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

CHARLES DENNIS POLING,

    Plaintiff,

v.　　　　　　　　　　　　　　　　　　Civil Action No. 5:19CV238
                                                                                                              (STAMP)

WISE SERVICES, INC.,
a foreign for profit corporation
and RHYS WADE WILLIAMS,
an individual,

    Defendants.

**MEMORANDUM OPINION AND ORDER
GRANTING DEFENDANT WISE SERVICES, INC.'S
MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT**

I.  Background

The plaintiff, Charles Dennis Poling ("Poling"), filed an amended complaint against Wise Services, Inc. ("Wise") and Rhys Wade Williams ("Williams"). ECF No. 29. In his amended complaint, plaintiff Poling alleges that defendant Williams was an employee of defendant Wise, and was working for defendant Wise when he rear-ended a vehicle in which plaintiff Poling was a guest passenger. Id. at 2. Plaintiff Poling alleges that defendant Williams futilely attempted to separate the two vehicles after the accident and subsequently left the scene of the accident in violation of West Virginia law. Id. at 3. Plaintiff Poling further asserts that defendant Wise has a habit of allowing employees to use company vehicles for personal use and that defendant Williams believed he had permission to use the vehicle involved in the

accident. Id. Plaintiff Poling asserts that both defendants Wise and Williams were negligent and states that as a direct and proximate result of the defendants' negligence, he sustained serious bodily injury. Id.

Defendant Wise filed a motion to dismiss plaintiff Poling's amended complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) (ECF No. 30) and a memorandum in support of the motion (ECF No. 30-1). In support of the motion to dismiss, defendant Wise first asserts that defendant Williams stole defendant Wise's vehicle, attaching a criminal complaint, docket and journal entry, and Ohio Uniform Incident Report. Id. at 5; ECF No. 30-2. Second, defendant Wise asserts that plaintiff Poling's complaint does not provide sufficient facts that would support a right to recover based on general negligence or negligent supervision. Id. at 6-7. Specifically, defendant Wise states that plaintiff Poling has not pleaded sufficient facts that would demonstrate that it should have known about defendant Williams' "propensity" to steal its vehicle, which is a necessary element to either a claim for negligence or negligent supervision. Id. at 7-8. Third, defendant Wise contends that West Virginia Code § 17C-14-1 does not give rise to a cause of action because: (1) that code section was repealed in 2018 (citing Curran v. Owens, 15 W. Va. 208 (1879)); and (2) even if the code section is applicable, there is no affirmative duty set forth in the code section that requires doors to be locked or an affirmative

2

duty related to access to a vehicle. Id. at 9-10. Fourth, defendant Wise asserts that plaintiff Poling's claim for negligent entrustment fails as a matter of law since defendant Williams' criminal plea demonstrates that defendant Wise did not entrust a vehicle to defendant Williams. Id. at 10. Fifth, defendant Wise contends that defendant Williams' criminal and negligent acts are intervening acts which break the chain of causation and relieve defendant Wise of liability. Id. at 10. Specifically, defendant Wise cites West Virginia v. Fidelity & Casualty Co., 263 F. Supp. 88 (S.D. W. Va. 1967), for support that stealing a car, regardless of whether the ignition is unlocked and/or the keys are in the switch, relieves the owner of liability since the theft is an intervening cause. Id. at 12. The defendant also cites Yourtree v. Hubbard, 196 W. Va. 683, 474 S.E.2d 613 (1996), for support that a willful, malicious, or criminal act breaks the chain of causation. Id.

Plaintiff Poling filed a response in opposition to defendant Wise's motion to dismiss. ECF No. 31. In his response, plaintiff Poling first states that while defendant Williams has pleaded guilty, he may have had legitimate affirmative defenses to the charges. Id. at 4. Specifically, plaintiff Poling asserts that "[i]t is a well established unwritten rule in the criminal defense bar that a client should almost always take a misdemeanor plea when his or her client is facing a felony which could incarcerate their

3

client for substantial amount of time, especially when the prosecution is offering a deal that does not involve jail time and a minimum fine." Id. Plaintiff Poling seeks formal discovery in order to determine how defendant Williams came into possession of defendant Wise's vehicle. Id. Second, plaintiff Poling states that defendant Williams' guilty plea is irrelevant to the issue of whether defendant Wise was negligent. Id. at 4. Third, plaintiff Poling asserts that defendant Wise violated West Virginia Code § 17C-14-1 since defendant Wise allegedly has a "careless and negligent habit of allowing truck keys to be easily accessed by employees." Id. at 5. Plaintiff Poling states that discovery must be conducted in order to determine how defendant Williams came into possession of the truck keys or how he was able to drive the truck off of defendant Wise's property. Id. Fourth, plaintiff Poling asserts that Curran v. Owens was superseded by West Virginia Code § 2-2-8, and that West Virginia Code § 17C-14-1 was in effect at the time that defendant Williams used defendant Wise's vehicle. Id. at 6. Fifth, plaintiff Poling maintains that defendant Wise negligently entrusted the vehicle to defendant Williams and that defendant Williams' negligence was foreseeable. Id. at 7. Plaintiff Poling then distinguishes Fidelity, stating that the court in Fidelity specifically noted that two separate acts occurred (i.e. a theft and a high speed chase) to alleviate the defendant from liability, and that the facts here do not indicate

4

that defendant Williams was being pursued by the police, but that he failed to see the vehicle in which the plaintiff was a passenger. Id. at 8-9. Moreover, plaintiff Poling distinguishes Yourtree, stating that in that case, the plaintiff was one of the people responsible for the theft of the vehicle and, that here, the plaintiff was not responsible for the theft of defendant Wise's vehicle. Id. at 9.

Defendant Wise then filed a reply. ECF No. 32. In its reply, defendant Wise first states that defendant Williams' criminal plea is relevant to this matter since it establishes, as a matter of law, that he stole the company vehicle. Id. at 2-3. Second, defendant Wise asserts that plaintiff Poling's claim for negligent entrustment fails as a matter of law given defendant Williams' plea. Id. at 3. Third, defendant Wise states that plaintiff Poling's claims for negligence and negligent supervision fail as a matter of law since the plaintiff has not provided sufficient facts to address the necessary elements of the causes of action. Id. at 3. Specifically, defendant Wise states that there are no facts that would demonstrate that it should have known about defendant Williams' propensity to steal its vehicle. Id. at 3-4. Fourth, defendant Wise contends that West Virginia Code § 17C-14-1 does not give rise to a cause of action based upon the allegations in the complaint because: (1) that code section was repealed in 2018; (2) Curren v. Owens is good law and West Virginia Code § 2-2-8 is a

5

savings statute applicable to only criminal laws; and (3) even if the statute applied in this case, plaintiff Poling has failed to plead any facts that establish that defendant Wise violated any of the statute's requirements. Id. at 4-6. Fifth, defendant Wise states that defendant Williams' criminal act breaks the chain of causation. Id. at 6-7.

For the reasons stated below, this Court grants defendant Wise's motion to dismiss the plaintiff's amended complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) (ECF No. 30).

## II. Applicable Law

In assessing a motion to dismiss for failure to state a claim under Rule 12(b)(6), a court must accept all well-pled facts contained in the complaint as true. Nemet Chevrolet, Ltd v. Consumeraffairs.com, Inc, 591 F.3d 250, 255 (4th Cir. 2009). However, "legal conclusions, elements of a cause of action, and bare assertions devoid of further factual enhancement fail to constitute well-pled facts for Rule 12(b)(6) purposes." Id. (citing Ashcroft v. Iqbal, 556 U.S. 662, 677 (2009)). This Court also declines to consider "unwarranted inferences, unreasonable conclusions, or arguments." Wahi v. Charleston Area Med. Ctr., Inc., 562 F.3d 599, 615 n.26 (4th Cir. 2009).

The purpose of a motion under Rule 12(b)(6) is to test the formal sufficiency of the statement of the claim for relief; it is not a procedure for resolving a contest about the facts or the

merits of the case. 5B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1356 (3d ed. 1998). The Rule 12(b)(6) motion also must be distinguished from a motion for summary judgment under Federal Rule of Civil Procedure 56, which goes to the merits of the claim and is designed to test whether there is a genuine issue of material fact. Id. For purposes of the motion to dismiss, the complaint is construed in the light most favorable to the party making the claim and essentially the court's inquiry is directed to whether the allegations constitute a statement of a claim under Federal Rule of Civil Procedure 8(a). Id. § 1357.

A complaint should be dismissed "if it does not allege 'enough facts to state a claim to relief that is plausible on its face.'" Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "Facial plausibility is established once the factual content of a complaint 'allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" Nemet Chevrolet, 591 F.3d at 256 (quoting Iqbal, 556 U.S. at 677). Detailed factual allegations are not required, but the facts alleged must be sufficient "to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555.

### III. Discussion

A. This Court Takes Judicial Notice of the Certified Copies of the Criminal Complaint, the Docket and Journal Entry Pertaining to That

7

Criminal Action and the Ohio Uniform Incident Report. However, Such Materials Are Not Conclusive Evidence of Defendant Williams' Guilt.

Federal Rule of Evidence 201 states that a "court may judicially notice a fact that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2). "The court . . . must take judicial notice if a party requests it and the court is supplied with the necessary information." Id. at 201(c)(2). Matters of public record may be judicially noticed. See Papasan v. Allain, 478 U.S. 265, 269 n.1 (1986) (taking notice of items in the public record, such as documentation of the history of the Mississippi and school lands grants).

As a preliminary matter, in reaching its decision to grant defendant Wise's motion to dismiss, this Court takes judicial notice of the certified copies of the criminal complaint pertaining to defendant Williams' use of the vehicle that ultimately collided with the vehicle that plaintiff Poling was a guest passenger (ECF No. 30-2 at 1), the docket and journal entry pertaining to that criminal action (ECF No. 30-2 at 2), and the Ohio Uniform Incident Report (ECF No. 30-2 at 3-7). See Witthohn v. Fed. Ins. Co., 164 F. App'x 395, 396 (4th Cir. 2006) (holding that a district court could take judicial notice of a complaint filed in state court in deciding a motion to dismiss); Lolavar v. de Santibanes, 430 F.3d

221, 224 n.2 (4th Cir. 2005) (taking judicial notice of court records); Zavolta v. Henderson, No. 5:11CV55, 2011 WL 1790492, at *2 (N.D. W. Va. May 10, 2011) (referring to a police report as a public document and considering that report in the context of deciding a motion to dismiss).

In taking judicial notice of such materials, defendant Wise's motion to dismiss is not converted into a summary judgment motion. See Pennington v. Teufel, 396 F. Supp. 2d 715, 718 (N.D. W. Va. 2005) ("When reaching its decision, the Court should consider only the allegations contained in the complaint, the exhibits to the complaint, matters of public record, and other similar materials that are subject to judicial notice.") (emphasis added); Zavolta, 2011 WL 1790492, at *2 ("This Court may consider . . . a public document, without converting the motion to dismiss to a motion for summary judgment."); see also Grantham v. Ballard, No. 1:17CV95, 2018 WL 1895557, at *9 (N.D. W. Va. Jan. 16, 2018) (stating that a motion for judgment on the pleadings is not converted into a summary judgment motion "if the Court considers documents and facts of which it may take judicial notice").

However, this Court notes that when considering such documents, this Court does not consider defendant Williams' guilty plea in the criminal action pertaining to defendant Williams' use of the vehicle that ultimately collided with the vehicle that plaintiff Poling was a guest passenger as conclusive evidence of

9

defendant Williams' guilt.  See Gillespie v. Modern Woodmen of America, 101 W. Va. 602, 133 S.E. 333 (1926) (holding that while a plea of guilty may be received in a later civil case as an admission of guilt, it may be overthrown by other evidence and the weight of that plea of guilty becomes a jury question).

B. Regardless of Defendant Williams' Plea of Guilty in a Criminal Action, Plaintiff Poling's Amended Complaint Fails to Allege the Essential Elements of a General Negligence Claim.

Plaintiff Poling's amended complaint does not allege sufficient facts, even when assumed as true, that defendant Wise owed a duty to the plaintiff, that it breached that duty, and that breach was the actual and proximate cause of the plaintiff's injury.  "To recover in an action based on negligence the plaintiff must prove that the defendant was guilty of . . . negligence and that such negligence was the proximate cause of the injury of which the plaintiff complains."  Syl. Pt. 1, Atkinson v. Harman, 151 W. Va. 1025, 158 S.E.2d 169, 171 (1967) (citation omitted).  "These elements of duty, breach, and injury are essential to actionable negligence and in the absence of any of them the action must fall."  Id. at 173; see also McNeilly v. Greenbrier Hotel Corp., 16 F. Supp. 3d 733, 738 (S.D. W. Va. 2014) ("The basic elements of a negligence claim are duty, breach of that duty, causation, and damages.").

1. <u>Defendant Wise is not vicariously liable for defendant Williams' alleged misconduct.</u>

Although defendant Williams allegedly engaged in certain misconduct, such conduct does not automatically subject defendant Wise to liability. Under West Virginia law, "in order to charge the master with the servant's negligence, the servant must be acting 'in the course of his undertaking' or 'within the course of his employment.'" <u>Cochran v. Michaels</u>, 110 W. Va. 127, 157 S.E. 173, 174 (1931). In defining "scope of employment" for purposes of vicarious liability, the Supreme Court of Appeals of West Virginia has indicated that:

> "Scope of employment" is a relative term and requires a consideration of surrounding circumstances, including the character of the employment, the nature of the wrongful deed, the time and place of its commission and the purpose of the act.
>
> In general terms, it may be said that an act is within the course of employment, if: (1) it is something fairly and naturally incident to the business and (2) it is done while the servant was engaged upon the master's business and is done, although mistakenly or ill-advisedly, with a view to further the master's interests, or from some impulse or emotion which naturally grew out of or was incident to the attempt to perform the master's business, and did not arise wholly from some external, independent and personal motive on the part of the servant to do the act upon his own account.

<u>Foodland v. State</u>, 207 W. Va. 392, 396, 532 S.E.2d 661, 665 (2000).

Assuming all well-pled facts in the complaint are true and viewing such facts in the light most favorable to plaintiff Poling, the alleged misconduct in this case seems to have been for defendant Williams' own personal interests. His alleged use of

11

defendant Wise's vehicle does not seem to be conduct that would be considered to arise fairly and naturally from defendant Wise's business, with a view to further defendant Wise's interests, or incident to the attempt to perform his duties for defendant Wise's business. Accordingly, defendant Wise cannot be vicariously liable for such misconduct.

2. <u>Regardless of Defendant Williams' Plea of Guilty in a Criminal Action, and Assuming that Plaintiff Poling Has Sufficiently Pled Facts to Establish that Defendant Wise Owed a Duty to the Plaintiff, the Plaintiff Has Failed to Sufficiently Plead Facts to Establish that Defendant Wise Breached Such a Duty.</u>

"Duty is a question of whether the defendant is under any obligation for the benefit of the particular plaintiff, and in negligence cases, the duty is always the same, to conform to the legal standard of reasonable conduct in light of the apparent risk." <u>Robertson v. LeMaster</u>, 171 W. Va. 607, 611 301 S.E.2d 563, 568 (1983) (internal quotation marks omitted). The scope of the duty owed to another is focused on the foreseeability of injury. <u>Id.</u> "Due care is a relative term and depends on time, place, and other circumstances. It should be in proportion to the danger apparent and within reasonable anticipation." <u>Id.</u> at 612 (internal quotation marks omitted).

This Court assumes that defendant Wise owed a duty of care to plaintiff Poling. The main issue presented by the facts of this case is whether plaintiff Poling has pled sufficient facts that, prior to the accident, defendant Wise created a foreseeable risk of

12

harm to the plaintiff.  Specifically, plaintiff Poling states that defendant Wise has a habit of allowing employees to use company vehicles for personal use and that defendant Williams believed he had permission to use the vehicle involved in the accident.  In other words, plaintiff Poling seems to argue that defendant Wise's habit was the actual and proximate cause of his injury.  However, plaintiff Poling has not pled sufficient facts within his amended complaint "to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555.  Specifically, in plaintiff Poling's amended complaint, the plaintiff only provides conclusory statements that defendant Wise has a habit of allowing use of company vehicles.  Not only does plaintiff Poling fail to discuss any facts to support such statements, but the plaintiff also fails to discuss the nexus between such a habit and the alleged harm sustained by the plaintiff.  "[B]are assertions devoid of further factual enhancement fail to constitute well-pled facts for Rule 12(b)(6) purposes."  Nemet, 591 F.3d at 255.  Indeed, "[j]udges are trusted to prevent 'fishing expeditions' or an undirected rummaging . . . for evidence of some unknown wrongdoing."  Cuomo v. Clearing House Ass'n, L.L.C., 557 U.S. 519, 531 (2009).

Moreover, plaintiff Poling's reliance on West Virginia Code § 17C-14-1 is unfounded since that statute was repealed in 2018. "[A] court is to apply a law in effect at the time it renders its decision."  Bradley v. School Bd. of City of Richmond, 416 U.S.

13

696, 716 (1974). However, although the precise category of cases have not been clearly delineated, an exception has been made in circumstances to prevent manifest injustice, which may include private cases between individuals. Id. at 717. This Court perceives no such threat of manifest injustice in this case. This Court declines, accordingly, to find the circumstances in this case as an exception to the general rule. Further, West Virginia's savings statute, namely West Virginia Code § 2-2-8, does not seem to be applicable here. As stated in State ex rel. Arbogast v. Mohn, under West Virginia law, "the statute in force at the time of the commission of an offense governs the character of the offense and, generally, the punishment prescribed thereby. This rule is derived from W. Va. Code s 2-2-8." 164 W. Va. 6, 9, 260 S.E.2d 820, 822-23 (1979). The Court explains that West Virginia Code § 2-2-8 was enacted in order to respond to issues that were created by the common law doctrine of abatement. Id. Under that doctrine, "the repeal of a criminal statute, without the inclusion by the Legislature of a specific savings clause, operated as a discharge from criminal liability of all persons who had committed offenses under the old law and had not been tried prior to the date of the repeal." Id. The Supreme Court of Appeals of West Virginia explains that West Virginia Code § 2-2-8 "is to be read as a proviso to any repealing act which does not contain an express savings clause, and operates to preserve prosecution of offenses

committed under a repealed statute which have not reached final judgment." Id.; see also State v. Easton, 203 W. Va. 631, 647, 510 S.E.2d 465, 481 (1998) ("In addition to having determined that the repeal or amendment of a penal statute does not change the nature or character of an offense committed before such repeal or amendment became effective, [the Supreme Court of Appeals of West Virginia] also [has] announced that W. Va. Code § 2-2-8 specifically preserves the right of the State to prosecute an individual whose conduct was criminally prohibited at the time he/she engaged therein, even if the applicable penal statute is subsequently amended or repealed."); Gibson v. Bechtold, 161 W. Va. 623, 626, 245 S.E.2d 258, 260 n.3 (1978) ("W. Va. Code § 2-2-8, saving the right of the state to proceed against persons who allegedly committed offenses under a law subsequently repealed.").

Because defendant Wise is not vicariously liable and because plaintiff Poling has failed to sufficiently state a claim of general negligence in his amended complaint, the plaintiff's general negligence claim is dismissed as to defendant Wise.

C. Regardless of Defendant Williams' Guilty Plea in a Criminal Action, Plaintiff Poling's Amended Complaint Fails to Allege the Essential Elements of a Negligent Supervision Claim.

Plaintiff Poling's amended complaint does not contain sufficient allegations that defendant Wise failed to properly supervise defendant Williams and, that as a result, defendant Williams committed a negligent act which proximately caused the

15

plaintiff's injury. See Taylor v. Cabell Huntington Hosp., Inc., 208 W. Va. 128, 134, 538 S.E.2d 719, 725 (2000) (holding that a "claim of negligent supervision must rest upon a showing that the [employer] failed to properly supervise [its employee] and, as a result, [the employee] committed a negligent act which proximately caused the appellant's injury"). Here, similar to the reasons stated above, plaintiff Poling has failed to plead sufficient facts alleging that defendant Wise failed to properly supervise defendant Williams. Specifically, as mentioned above, plaintiff Poling's assertion that defendant Wise has a habit of allowing use of vehicles for personal use is insufficient to state a claim for relief. Accordingly, the plaintiff's negligent supervision claim is dismissed as to defendant Wise.

D. Regardless of Defendant Williams' Plea of Guilty in a Criminal Action, Plaintiff Poling's Amended Complaint Fails to Allege the Essential Elements of a Negligent Entrustment Claim.

For reasons similar to those stated above, plaintiff Poling's amended complaint does not sufficiently allege facts that suggest that defendant Wise entrusted its vehicle to defendant Williams, and that defendant Wise knew that defendant Williams is incompetent or unfit to drive. See Payne v. Kinder, 147 W. Va. 352, 369-70, 127 S.E.2d 726, 738 (1962) ("Liability for the negligence of the incompetent driver to whom an automobile is entrusted does not arise out of the relationship of the parties, but from the act of entrustment of the motor vehicle, with permission to operate the

16

same, to one whose incompetency, inexperience, or recklessness is known or should have been known by the owner. Nor does such liability rest upon imputed negligence or upon ownership or agency; rather, it rests upon the combined negligence of the owner and the driver."). Therefore, plaintiff Poling has failed to sufficiently state a claim for negligent entrustment against defendant Wise. Accordingly, the plaintiff's negligent entrustment claim is dismissed as to defendant Wise.

IV. Conclusion

For the reasons stated above, defendant Wise Services, Inc.'s motion to dismiss the plaintiff's amended complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) (ECF No. 30) is GRANTED as to defendant Wise.[1]

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein.

DATED: November 20, 2019

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE

---

[1] The claims in the amended complaint against defendant Williams remain pending. However, as of the date of this order, plaintiff Poling has not attempted to obtain service of process on defendant Williams.